UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
WACO DIVISION

| | |
|---|---|
| WAG ACQUISITION, L.L.C., <br><br> Plaintiff, <br><br> v. <br><br> AMAZON.COM, INC., AMAZON WEB SERVICES, INC., and AMAZON.COM SERVICES LLC, <br><br> Defendants. | Civil Action No. 6:21-cv-815-ADA <br> Patent Case <br><br> Jury Trial Demanded |

**ANSWER TO ORIGINAL COMPLAINT FOR PATENT INFRINGEMENT**

Defendants Amazon.com, Inc., Amazon Web Services, Inc. ("AWS"), and Amazon.com Services LLC (collectively, "Amazon") by and through their undersigned counsel, hereby answer the complaint (the "complaint") of plaintiff WAG Acquisition, L.L.C. ("Plaintiff" or "WAG") as follows:

## INTRODUCTION

1. Amazon denies that the patents-in-suit describe or disclose any improvement to the process of delivering streaming media over the internet, or describe any other technological improvement. Amazon lacks knowledge or information sufficient to admit or deny the remaining allegations of paragraph 1 of the complaint and, on that basis, denies them.

2. Amazon admits that AWS provides the CloudFront CDN, AWS Elemental MediaConvert, AWS Elemental MediaStore, and AWS Elemental MediaPackage services. Amazon further admits that Amazon.com Services LLC provides video-on-demand and streaming video through its Prime Video service. Amazon denies the remaining allegations of paragraph 2 of the complaint.

3. Amazon admits that WAG purports to allege an action for patent infringement. Amazon denies that it infringes, or has infringed, any claim of the patents-in-suit.

## THE PARTIES

4. Amazon lacks knowledge or information sufficient to admit or deny the allegations of paragraph 4 of the complaint and, on that basis, denies them.

5. Amazon admits that Amazon.com, Inc. is a Delaware corporation with its principal place of business at 410 Terry Avenue North, Seattle, Washington 98109. Amazon denies the remaining allegations of paragraph 5 of the complaint.

6.     Amazon admits that AWS is a Delaware corporation with its principal place of business at 410 Terry Avenue North, Seattle, Washington 98109.  Amazon further admits that Amazon Web Services, Inc. is a wholly-owned subsidiary of Amazon.com, Inc.  Amazon denies the remaining allegations of paragraph 6 of the complaint.

7.     Amazon admits that Amazon.com Services LLC is a Delaware limited liability company with its principal place of business at 410 Terry Avenue North, Seattle, Washington 98109.  Amazon further admits that Amazon.com Services LLC is a wholly-owned subsidiary of Amazon.com, Inc.  Amazon further admits that Amazon.com Services LLC maintains an office at 11501 Alterra Parkway, Austin, Texas 78757.  Amazon denies the remaining allegations of paragraph 7 of the complaint.

## JURISDICTION AND VENUE

8.     Amazon admits that WAG purports to allege an action for patent infringement under the patent laws of the United States.  Amazon further admits that the Court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1338(a).

9.     For purposes of this action only, Amazon admits that the Court has specific personal jurisdiction over it.  Amazon denies the remaining allegations of paragraph 9 of the complaint.

10.    Amazon admits that it provides products and services throughout the United States, including within this judicial district.  Amazon further admits that AWS and Amazon.com Services LLC are registered with the Texas Secretary of State to do business in the State of Texas.  Amazon denies the remaining allegations of paragraph 10 of the complaint.

11.    Amazon denies the allegations of paragraph 11 of the complaint.

## THE PATENTS-IN-SUIT

12. Amazon admits that U.S. Patent No. 9,742,824 (the "'824 patent") lists "Streaming Media Delivery System" as its title and August 22, 2017 as its issue date. Amazon admits that WAG purports to attach a copy of the '824 patent as Exhibit A to the complaint. Amazon admits that U.S. Patent No. 9,729,594 (the "'594 patent") lists "Streaming Media Delivery System" as its title and August 8, 2017 as its issue date. Amazon admits that WAG purports to attach a copy of the '594 patent as Exhibit B to the complaint. Amazon admits that U.S. Patent No. 9,763,646 (the "'636 patent") lists "Streaming Media Delivery System" as its title and September 12, 2017 as its issue date. Amazon admits that WAG purports to attach a copy of the '636 patent as Exhibit C to the complaint. Amazon lacks knowledge or information sufficient to admit or deny the remaining allegations of paragraph 12 of the complaint and, on that basis, denies them.

13. Amazon lacks knowledge or information sufficient to admit or deny the allegations of paragraph 13 of the complaint and, on that basis, denies them.

14. Amazon lacks knowledge or information sufficient to admit or deny the allegations of paragraph 14 of the complaint and, on that basis, denies them.

15. Amazon denies the allegations of paragraph 15 of the complaint.

16. Amazon denies the allegations of paragraph 16 of the complaint.

17. Amazon denies the allegations of paragraph 17 of the complaint.

18. Amazon denies the allegations of paragraph 18 of the complaint.

19. Amazon denies the allegations of paragraph 19 of the complaint.

20. Amazon denies the allegations of paragraph 20 of the complaint.

## COUNT I: PURPORTED INFRINGEMENT OF THE 824 PATENT

21. Amazon incorporates and restates its responses to the allegations set forth in paragraphs 1 through 20 of the complaint.

22. Amazon denies the allegations of paragraph 22 of the complaint.

23. Amazon denies the allegations of paragraph 23 of the complaint.

24. Amazon denies the allegations of paragraph 24 of the complaint.

25. Amazon admits that AWS allows users to provision virtual machines and provides the CloudFront CDN, AWS Elemental MediaConvert, AWS Elemental MediaStore, and AWS Elemental MediaPackage services. Amazon denies the remaining allegations of paragraph 25 of the complaint.

26. Amazon denies the allegations of paragraph 26 of the complaint.

27. Amazon denies the allegations of paragraph 27 of the complaint.

28. Amazon denies the allegations of paragraph 28 of the complaint.

29. Amazon denies the allegations of paragraph 29 of the complaint.

30. Amazon denies the allegations of paragraph 30 of the complaint.

31. Amazon denies the allegations of paragraph 31 of the complaint.

32. Amazon denies the allegations of paragraph 32 of the complaint.

## COUNT II: PURPORTED INFRINGEMENT OF THE '594 PATENT

33. Amazon incorporates and restates its responses to the allegations set forth in paragraphs 1 through 32 of the complaint

34. Amazon denies the allegations of paragraph 34 of the complaint.

35. Amazon denies the allegations of paragraph 35 of the complaint.

36. Amazon denies the allegations of paragraph 36 of the complaint.

37. Amazon denies the allegations of paragraph 37 of the complaint.

38. Amazon denies the allegations of paragraph 38 of the complaint.

39. Amazon denies the allegations of paragraph 39 of the complaint.

40. Amazon denies the allegations of paragraph 40 of the complaint.

41. Amazon denies the allegations of paragraph 41 of the complaint.

42. Amazon denies the allegations of paragraph 42 of the complaint.

## COUNT III:   PURPORTED INFRINGEMENT OF THE '636 PATENT

43. Amazon incorporates and restates its responses to the allegations set forth in paragraphs 1 through 42 of the complaint.

44. Amazon denies the allegations of paragraph 44 of the complaint.

45. Amazon denies the allegations of paragraph 45 of the complaint.

46. Amazon denies the allegations of paragraph 46 of the complaint.

47. Amazon admits that AWS allows users to provision virtual machines and provides the CloudFront CDN, AWS Elemental MediaConvert, AWS Elemental MediaStore, and AWS Elemental MediaPackage services.  Amazon admits that AWS Elemental MediaLive and AWS Elemental MediaStore may be used for encoding of video, including live video streams.  Amazon further admits that CloudFront CDN may be used to deliver media.  Amazon denies the remaining allegations of paragraph 47 of the complaint.

48. Amazon denies the allegations of paragraph 48 of the complaint.

49. Amazon denies the allegations of paragraph 49 of the complaint.

50. Amazon denies the allegations of paragraph 50 of the complaint.

51. Amazon denies the allegations of paragraph 51 of the complaint.

52. Amazon denies the allegations of paragraph 52 of the complaint.

53.     Amazon denies the allegations of paragraph 53 of the complaint.

## DEMAND FOR JURY TRIAL

WAG's demand for a jury trial does not require a response.

## PRAYER FOR RELIEF

Amazon denies that WAG is entitled to any of the relief requested in the complaint or any relief whatsoever.  Amazon denies all allegations in the complaint that are not specifically admitted in paragraphs 1-53 above.

## ADDITIONAL DEFENSES

Amazon asserts the following additional defenses to the complaint.  In doing so, Amazon does not assume any burden of proof on any issue that is WAG's burden as a matter of law. Amazon also reserves the right to amend or supplement these defenses as additional facts become known.

## FIRST DEFENSE:  FAILURE TO STATE A CLAIM

The complaint fails to allege facts sufficient to state a cause of action upon which relief may be granted.

## SECOND DEFENSE:  NON-INFRINGEMENT ('824 PATENT)

Amazon has not infringed, and does not infringe, any valid claim of the '824 patent and is not liable for any infringement.

## THIRD DEFENSE:  INVALIDITY ('824 PATENT)

The asserted claims of the '824 Patent are each invalid for failure to comply with one or more of the conditions and requirements of the patent laws, including, but not limited to 35 U.S.C. §§ 101, 102, 103, and/or 112.

## FOURTH DEFENSE:  NON-INFRINGEMENT ('594 PATENT)

Amazon has not infringed, and currently does not infringe, any valid claim of the '594

patent and is not liable for any infringement.

### FIFTH DEFENSE: INVALIDITY ('594 PATENT)

The asserted claims of the '594 Patent are each invalid for failure to comply with one or more of the conditions and requirements of the patent laws, including, but not limited to 35 U.S.C. §§ 101, 102, 103, and/or 112.

### SIXTH DEFENSE: NON-INFRINGEMENT ('636 PATENT)

Amazon has not infringed, and currently does not infringe, any valid claim of the '636 patent and is not liable for any infringement.

### SEVENTH DEFENSE: INVALIDITY ('636 PATENT)

The asserted claims of the '636 Patent are each invalid for failure to comply with one or more of the conditions and requirements of the patent laws, including, but not limited to 35 U.S.C. §§ 101, 102, 103, and/or 112.

### TENTH DEFENSE: GOOD FAITH

Amazon has engaged in all relevant activities in good faith, thereby precluding WAG, even if it prevails, from recovering its reasonable attorneys' fees or costs under 35 U.S.C. § 285.

### ELEVENTH DEFENSE: ESTOPPEL

The relief sought by WAG is barred, in whole or in part, under the doctrine of prosecution history estoppel due to amendments and/or statements made during prosecution of the '824 patent, the '594 patent, and/or the '636 patent.

### TWELFTH DEFENSE: DEDICATION TO THE PUBLIC

The relief sought by WAG is barred, in whole or in part, because WAG dedicated to the public all methods, systems, and products disclosed in the patents-in-suit but not literally claimed therein.

### THIRTEENTH DEFENSE: LIMITATION ON DAMAGES AND COSTS

WAG's claim for damages is barred, in whole or in part, by 35 U.S.C. §§ 286 or 287. To the extent any claim of the patents-in-suit is invalid, WAG is barred from recovering costs by 35 U.S.C. § 288.

### RESERVATION OF ADDITIONAL DEFENSES

Amazon reserves the right to assert additional defenses in the event that discovery or other analysis indicates that additional defenses are appropriate.

### PRAYER FOR RELIEF

WHEREFORE, Amazon prays for judgment with respect to WAG's complaint and Amazon's defenses as follows:

a. A judgment in favor of Amazon denying WAG all relief requested in its complaint and dismissing its complaint with prejudice;

b. A judgment against WAG finding that Amazon has not infringed, does not infringe, and is not liable for any infringement of any valid and enforceable claim of the '824 patent, the '594 patent, and the '636 patent.

c. A judgment against WAG finding that one or more claims of the '824 patent are invalid;

d. A judgment against WAG finding that one or more claims of the '594 patent are invalid;

e. A judgment against WAG finding that one or more claims of the '636 patent are invalid;

f. A judgment that this is an exceptional case within the meaning of 35 U.S.C. § 285 and awarding Amazon its reasonable attorneys' fees;

g. An award of costs to Amazon; and

  h.  Such other relief as the Court shall deem just and proper.

## DEMAND FOR JURY TRIAL

Amazon hereby requests a trial by jury on all issues so triable including specifically on WAG's claims and Amazon's defenses thereto.

Dated: November 1, 2021        Respectfully submitted,

*Of Counsel*:

Barry K. Shelton (TX Bar #24055029)
bshelton@sheltoncoburn.com
SHELTON COBURN LLP
311 RR 620 S, Suite 205
Austin, TX 78734
Tel: (512) 263-2165
Fax: (512) 263-2166

Deron R. Dacus (TX Bar #00790553)
ddacus@dacusfirm.com
THE DACUS FIRM, P.C.
821 ESE Loop 323, Suite 430
Tyler, TX 75701
Tel: (903) 705-1117
Fax: (903) 581-2543

By: */s/ J. David Hadden*
J. David Hadden (CA Bar No. 176148)
Email: dhadden@fenwick.com
Saina S. Shamilov (CA Bar No. 215636)
Email: sshamilov@fenwick.com
Ravi R. Ranganath (CA Bar No. 272981)
Email: rranganath@fenwick.com
**FENWICK & WEST LLP**
Silicon Valley Center
801 California Street
Mountain View, CA 94041
Telephone: (650) 988-8500
Facsimile: (650) 938-5200

*Counsel for Defendants*
AMAZON.COM, INC., AMAZON WEB SERVICES, INC., AND AMAZON.COM SERVICES LLC