UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
WACO DIVISION

| | | |
|---|---|---|
| WAG ACQUISITION, L.L.C., | § § § | |
| Plaintiff, | § § | |
| v. | § § | No. 6:21-cv-00815-ADA |
| AMAZON.COM, INC., AMAZON WEB SERVICES, INC., and AMAZON.COM SERVICES LLC, | § § § § § § | Jury Trial Demanded |
| Defendants. | § | |

**JOINT MOTION FOR ENTRY OF AGREED SCHEDULING ORDER**

Pursuant to the Honorable Judge Albright's Standing Order Governing Proceedings – Patent Cases, dated November 17, 2021 ("Proceedings Standard Order"), Plaintiff WAG Acquisition, L.L.C. and Defendants Amazon.com, Inc., Amazon Web Services, Inc., and Amazon.com Services LLC (collectively, "Parties") have agreed on all dates relating to the Scheduling Order and jointly move that their proposed Agreed Scheduling Order, attached as Exhibit A, be entered by the Court. The Parties have modified slightly the default dates provided by the guidelines in the Proceedings Standard Order to accommodate the observance of holidays and Amazon's trial in Case No. 6:21-cv-720 before this Court, which is scheduled to begin on May 15, 2023.

Dated: December 6, 2021

Respectfully submitted,

<table>
<tr><td>

**HALEY & OLSON, P.C.**
100 North Ritchie Road, Suite 200
Waco, Texas 76712
Tel: (254) 776-3336
Fax: (254) 776-6823
By: */s/ Brandon R. Oates*
Brandon R. Oates (State Bar No. 24032921)
Email: *boates@haleyolson.com*

OF COUNSEL:

**LISTON ABRAMSON LLP**
The Chrysler Building
405 Lexington Ave, 46th Floor
New York, New York 10174
Tel: (212) 257-1630
Ronald Abramson (*Admitted pro hac vice*)
David G. Liston (*Admitted pro hac vice*)
Ari J. Jaffess (*Admitted pro hac vice*)
Alex G. Patchen (*Admitted pro hac vice*)
M. Michael Lewis (*Admitted pro hac vice*)
Gina K. Kim
Email: *docket@listonabramson.com*

*Attorneys for Plaintiff WAG Acquisition, L.L.C.*

</td><td>

By:  */s/ Ravi R. Ranganath*
J. David Hadden (CA Bar No. 176148)
Email: dhadden@fenwick.com
Saina S. Shamilov (CA Bar No. 215636)
Email: sshamilov@fenwick.com
Ravi R. Ranganath (CA Bar No. 272981)
Email: rranganath@fenwick.com
**FENWICK & WEST LLP**
Silicon Valley Center
801 California Street
Mountain View, CA 94041
Telephone: (650) 988-8500
Facsimile: (650) 938-5200

*Counsel for Defendants*
AMAZON.COM, INC., AMAZON WEB
SERVICES, INC., AND AMAZON.COM
SERVICES LLC

*Of Counsel*:

Barry K. Shelton (TX Bar #24055029)
bshelton@sheltoncoburn.com
SHELTON COBURN LLP
311 RR 620 S, Suite 205
Austin, TX 78734
Tel: (512) 263-2165
Fax: (512) 263-2166

Deron R. Dacus (TX Bar #00790553)
ddacus@dacusfirm.com
THE DACUS FIRM, P.C.
821 ESE Loop 323, Suite 430
Tyler, TX 75701
Tel: (903) 705-1117
Fax: (903) 581-2543

</td></tr>
</table>

## CERTIFICATE OF SERVICE

    I, Brandon R. Oates, hereby certify that on this day a true and correct copy of the foregoing document, Joint Motion for Entry of Agreed Scheduling Order, was served on all attorneys of record for Defendants via ECF.

Dated: December 6, 2021

                                            */s/ Brandon R. Oates*
                                            Brandon R. Oates

# EXHIBIT A

UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
WACO DIVISION

|  |  |
|---|---|
| WAG ACQUISITION, L.L.C., § <br> § <br> Plaintiff, § <br> § <br> v. § <br> § No. 6:21-cv-00815-ADA <br> AMAZON.COM, INC., § <br> AMAZON WEB SERVICES, § Jury Trial Demanded <br> INC., and AMAZON.COM § <br> SERVICES LLC, § <br> § <br> Defendants. § | |

## [PROPOSED] AGREED SCHEDULING ORDER

Pursuant to Fed. R. Civ. P. 16, the Court ORDERS that the following schedule will govern deadlines up to and including the trial of this matter:

| Proposed Date | Item |
|---|---|
| 1/24/2022 | Defendant serves preliminary[1] invalidity contentions in the form of (1) a chart setting forth where in the prior art references each element of the asserted claim(s) are found, (2) an identification of any limitations the Defendant contends are indefinite or lack written description under section 112, and (3) an identification of any claims the Defendant contends are directed to ineligible subject matter under section 101. Defendant shall also produce (1) all prior art referenced in the invalidity contentions, and (2) technical documents, including software where applicable, sufficient to show the operation of the accused product(s). |
| 2/4/2022 | Parties exchange claim terms for construction. |

---

[1] The parties may amend preliminary infringement contentions and preliminary invalidity contentions without leave of court so long as counsel certifies that it undertook reasonable efforts to prepare its preliminary contentions and the amendment is based on material identified after those preliminary contentions were served, and should do so seasonably upon identifying any such material. Any amendment to add patent claims requires leave of court so that the Court can address any scheduling issues.

1

| | |
|---|---|
| 2/18/2022 | Parties exchange proposed claim constructions. |
| 2/25/2022 | Parties disclose extrinsic evidence. The parties shall disclose any extrinsic evidence, including the identity of any expert witness they may rely upon with respect to claim construction or indefiniteness. With respect to any expert identified, the parties shall identify the scope of the topics for the witness's expected testimony.[2] With respect to items of extrinsic evidence, the parties shall identify each such item by production number or produce a copy of any such item if not previously produced. |
| 3/4/2022 | Deadline to meet and confer to narrow terms in dispute and exchange revised list of terms/constructions. |
| 3/11/2022 | Defendant files Opening claim construction brief, including any arguments that any claim terms are indefinite. |
| 4/1/2022 | Plaintiff files Responsive claim construction brief. |
| 4/15/2022 | Defendant files Reply claim construction brief. |
| 4/29/2022 | Plaintiff files a Sur-Reply claim construction brief. |
| 5/6/2022 | Parties submit Joint Claim Construction Statement.<br><br>*See* General Issues Note #9 regarding providing copies of the briefing to the Court and the technical adviser (if appointed). |
| 5/10/2022 | Parties submit optional technical tutorials to the Court and technical adviser (if appointed). |
| 5/20/2022 | *Markman* Hearing at 9:00 a.m. This date is a placeholder and the Court may adjust this date as the Markman hearing approaches. |
| 5/23/2022 | Fact Discovery opens; deadline to serve Initial Disclosures per Rule 26(a). |
| 6/24/2022 | Deadline to add parties. |

---

[2] Any party may utilize a rebuttal expert in response to a brief where expert testimony is relied upon by the other party.

2

| | |
|---|---|
| 7/15/2022 | Deadline to serve Final Infringement and Invalidity Contentions. After this date, leave of Court is required for any amendment to infringement or invalidity contentions. This deadline does not relieve the parties of their obligation to seasonably amend if new information is identified after initial contentions. |
| 8/19/2022 | Deadline to amend pleadings. A motion is not required unless the amendment adds patents or patent claims. (Note: This includes amendments in response to a 12(c) motion.) |
| 11/11/2022 | Deadline for the first of two meet and confers to discuss significantly narrowing the number of claims asserted and prior art references at issue. Unless the parties agree to the narrowing, they are ordered to contact the Court's Law Clerk to arrange a teleconference with the Court to resolve the disputed issues. |
| 12/9/2022 | Close of Fact Discovery. |
| 12/21/2022 | Opening Expert Reports. |
| 1/25/2023 | Rebuttal Expert Reports. |
| 2/15/2023 | Close of Expert Discovery. |
| 2/17/2023 | Deadline for the second of two meet and confers to discuss narrowing the number of claims asserted and prior art references at issue to triable limits. To the extent it helps the parties determine these limits, the parties are encouraged to contact the Court's Law Clerk for an estimate of the amount of trial time anticipated per side. The parties shall file a Joint Report within 5 business days regarding the results of the meet and confer. |
| 2/24/2023 | Dispositive motion deadline and *Daubert* motion deadline.<br><br>*See* General Issues Note #9 regarding providing copies of the briefing to the Court and the technical adviser (if appointed). |
| 3/17/2023 | Serve Pretrial Disclosures (jury instructions, exhibits lists, witness lists, discovery and deposition designations). |
| 3/31/2023 | Serve objections to pretrial disclosures/rebuttal disclosures. |
| 4/14/2023 | Serve objections to rebuttal disclosures; file Motions *in limine*. |

| | |
|---|---|
| 4/28/2023 | File Joint Pretrial Order and Pretrial Submissions (jury instructions, exhibits lists, witness lists, discovery and deposition designations); file oppositions to motions *in limine*. |
| 5/5/2023 | File Notice of Request for Daily Transcript or Real Time Reporting. If a daily transcript or real time reporting of court proceedings is requested for trial, the party or parties making said request shall file a notice with the Court and e-mail the Court Reporter, Kristie Davis at kmdaviscsr@yahoo.com<br><br>Deadline to meet and confer regarding remaining objections and disputes on motions *in limine*. |
| 4/14/2023 | Parties email the Court's law clerk to confirm pretrial and trial dates. |
| 5/12/2023 | File joint notice identifying remaining objections to pretrial disclosures and disputes on motions *in limine*. |
| 6/5/2023 | Final Pretrial Conference. |
| 6/12/2023[3] | Jury Selection/Trial. |

SIGNED this _____ day of _____, 2021.

_____
ALAN D. ALBRIGHT
UNITED STATES DISTRICT JUDGE

---

[3] If the actual trial date materially differs from the Court's default schedule, the Court will consider reasonable amendments to the case schedule post-*Markman* that are consistent with the Court's default deadlines in light of the actual trial date.